**Jesse E. BAGBY, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–31.**

United States Court of Veterans Appeals.

Argued Jan. 25, 1991.

Decided April 22, 1991.

Edward J. Kowalczyk (non-attorney practitioner), for appellant.

David W. Engel, with whom Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Andrew J. Mullen, Deputy Asst. Gen. Counsel, were on the brief, Washington, D.C., for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

MANKIN, Associate Judge:

Appellant, Jesse E. Bagby, seeks to establish entitlement to veterans' disability compensation, *see* 38 U.S.C. § 310 (1988), for a duodenal ulcer. The Board of Veterans' Appeals (BVA or Board) in a June 29, 1989, decision denied service connection for the ulcer and accordingly denied compensation to appellant. We affirm.

Appellant had active service with America's armed forces from February 3, 1943, until September 1, 1943. He performed this service within the United States. He was honorably discharged after being hospitalized, and determined to be physically unfit because of an ulcer.

Appellant's initial claim for disability benefits was denied in 1944. R. at 83. In 1984 appellant sought to reopen this claim based upon evidence which he contended was new and material. R. at 102, 111–124. *See* 38 C.F.R. § 19.194 (1990). The Regional Office refused to reopen the claim and appellant did not appeal. In 1988 appellant offered the statement of his private physician which he contended was new and material evidence warranting reopening of his claim. R. at 124–125. The Regional Office, and subsequently a hearing officer, refused to reopen appellant's claim. R. at 146–147. On appeal the BVA, without expressly considering whether appellant had produced new and material evidence, proceeded to review the merits of appellant's claim. The BVA stated that it would "review the evidence of record in its entirety...." *Jesse E. Bagby*, loc. no. 913086, at 2 (BVA June 29, 1989). We therefore review appellant's claim based upon the entire record. *See Manio v. Derwinski*, 1 Vet.App. 140 (1991). Because appellant has expressly abandoned issues involving aggravation of his ulcer during service and visceroptosis (downward placement of in-

ternal organs (Appellee Br. at 7)), we limit our discussion to the issue of whether appellant's ulcer was incurred in service.

▮ Generally veterans are presumed to have entered service in sound condition. *See* 38 U.S.C. § 311 (1988) (presumption applicable to wartime service); 38 C.F.R. § 3.304(b) (1990). Because appellant served during wartime, *see* 38 C.F.R. § 3.2(d) (1990), he is entitled to invoke both the statute and the regulation. The presumption only attaches where there has been an induction examination in which the later complained-of disability was not detected. The presumption may, however, be rebutted upon the showing of clear and unmistakable evidence.

> [E]very veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

38 U.S.C. § 311.

Appellant now invokes this "presumption of soundness", 38 U.S.C. § 311. He contends that his ulcer, noted during service, is presumed to have been incurred during service. Appellant's induction examination did not detect the presence of an ulcer; therefore, the presumption attaches. To rebut the presumption, "clear and unmistakable evidence" must show that the ulcer was present before service. The BVA determined that the presumption was effectively rebutted. We agree.

▮ Initially, we must determine the proper standard of review of the BVA determination that the presumption of soundness was rebutted. At oral argument, appellant contended this was a legal determination subject to *de novo* review. The Secretary contended at oral argument that the standard of review is: whether the BVA's determination, that clear and unmistakable evidence establishes the preservice existence of appellant's ulcer, is clearly er-

roneous. The convoluted standard of review offered by the Secretary is more apt to lead to confusion than clarity. While the underlying determinations may be factual—in this case, for example, the BVA could have determined as a factual matter that appellant was treated prior to service—whether those facts are sufficient to satisfy the statutory requirement that clear and unmistakable evidence be shown is a legal determination subject to *de novo* review. *Cf. Ransom v. United States*, 900 F.2d 242, 244 (Fed.Cir.1990) (whether facts establish that a contract was created is reviewed *de novo* ); *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir.1987) (whether an invention would have been "obvious" when it was made is a question of law), *cert. denied*, 481 U.S. 1052, 107 S.Ct. 2187, 95 L.Ed.2d 843 (1987); *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 666 (5th Cir.1983) ("as to the legal conclusion reached by the district court based upon [the] factual data, *i.e.*, here that these welders are employees rather than independent contractors, we may review this as an issue of law"); *Gilbert v. Derwinski*, 1 Vet.App. 49, 60 (1990) (Kramer, J., concurring) (arguing that the proper standard of review for BVA determinations applying the benefit of the doubt doctrine, 38 U.S.C. § 3007(b) (1988), is *de novo* ). There will, of course, be instances where what might be characterized as a legal determination will fall so clearly within the area of the BVA's expertise that deference to that expertise requires that the conclusion be characterized as factual. *See, e.g., Lovelace v. Derwinski*, 1 Vet. App. 73 (1990) (whether veteran is "considerably" or "severely" impaired is a finding of fact). We, therefore, undertake an independent examination of whether the facts found by the BVA satisfactorily rebut the presumption. *But cf. Haynes v. Secretary of Health and Human Services*, 734 F.2d 284, 288 (6th Cir.1984) (the court will affirm the conclusion of the Secretary of HHS—that the presumption that a social security disability recipient continues to be disabled is rebutted—if the finding is supported by substantial evidence).

■ Appellant relies upon the failure of his induction X-ray examination to detect the presence of an ulcer as his basis for claiming that he was in sound condition at the time he joined the armed forces. The BVA acknowledged that the ulcer was not noted at the time of the induction examination, thus triggering the presumption. The Board, however, concluded that the presumption was rebutted. Toward this end the Board stated that "data obtained for clinical purposes during service unequivocally establish the preservice existence of the duodenal ulcer . . . noted in service." *Jesse E. Bagby*, loc. no. 913086, at 4 (BVA June 29, 1989). It seems clear that the BVA was referring to service hospital records which indicated that appellant's ulcer was "chronic" and "old". R. at 6. These conclusions were confirmed by a statement from a former physician of the veteran. R. at 70. The statement, which is dated December 15, 1943, documents that between December 1939 and January 1943, the veteran was treated for what the doctor determined to be a peptic ulcer.

The Court is of the opinion that there is clear and unmistakable evidence that appellant entered service with a preexisting ulcer. We, therefore, AFFIRM the decision of the BVA.