Buddy L. **BRANNON,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 90–333.

United States Court of Veterans Appeals.

Submitted March 8, 1991.

Decided June 11, 1991.

Michael E. Wildhaber and Barton F. Stichman, were on the brief, Washington, D.C., for appellant. Michael E. Wildhaber, was on the pleadings, Washington, D.C., for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Carolyn F. Washington, were on the pleadings, Washington, D.C., for appellee.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

A January 5, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denied appellant, Buddy L. Brannon, benefits for a hiatal hernia and peptic ulcer disease finding that they were not service connected. Appellant limited his appeal in this Court to the issue of service connection for his peptic ulcer disease (a duodenal ulcer). We hold that the Board's finding that "in-service epigastric complaints did not represent a chronic stomach disorder" is clearly erroneous and remand the case to the Board for it or a Regional Office to assign the proper disability rating.

I.

Before addressing the merits of appellant's claim, the Court notes the unique procedural posture in which this appeal is presented. After appellant filed his brief, the Secretary moved to stay further proceedings pending resolution of other cases under consideration by the Court. The motion was denied and the Secretary was ordered to file his brief within 30 days. On the 30th day the Secretary moved to remand and stay proceedings because "it is believed that the BVA should revisit its decision herein and should have the opportunity to present adequate reasons or bases to support its findings as to whether the evidence meets the statutory and regulatory requirements for service connection." Appellant responded in opposition. Because it is apparent that appellant seeks more relief than that suggested by the Secretary's motion for remand and because appellant's brief and pleadings, fairly taken, specifically eschew the issue of adequate reasons or bases and invite the Court to rule on the merits of his claim, appellee's motion for remand is denied.

II.

Part of the fundamental principle governing awards of service-connected disability compensation is that benefits will be granted when a disability results from a personal injury or disease contracted in the line of duty. 38 U.S.C. § 310 (1988). Regulations implementing this statute provide, "With chronic disease shown as such in service ... so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes." 38 C.F.R. § 3.303(b) (1990). Thus, if appellant establishes that he suffered from a "chronic" stomach condition that was incurred during his military service, any manifestations of it at a later date represents a service-connected disability for which compensation is due unless

those manifestations are clearly attributable to intervening causes.

Appellant's enlistment physical reveals that when he entered the Air Force on March 11, 1952, there were no physical defects or preexisting conditions noted. During his 14 years of service, however, the record documents that appellant developed and has an extensive history of complaints and treatment for stomach disorders. His discharge exam, dated June 28, 1966, reports that appellant was diagnosed with "[d]uodenal ulcer, quiescent, with recurrent hyperacidity and acid dyspepsia." R. at 40. *See also* R. at 35. The record also reveals that appellant has continued to suffer periodically from stomach disorders from the time of his discharge until present. In fact, due to appellant's stomach disorder and vascular headaches, he was referred to a medical evaluation board in December 1965 for the purpose of determining whether he was fit to perform his duties. After noting appellant's quiescent duodenal ulcer, with recurrent hyperacidity and acid dyspepsia, the medical review board found appellant unqualified for further military service. Appellant obtained a medical waiver to continue on active duty, but was discharged less than two months later on his request based on financial hardship.

The crux of appellant's argument, notwithstanding the well documented evidence of epigastric complaints, is that if he had a "quiescent duodenal ulcer" during his active military service he must also have necessarily suffered from a "chronic" stomach condition because a duodenal ulcer is "chronic" in nature. In short, he contends, once the diagnosis of duodenal ulcer is established, no further proof is necessary to establish that it is "chronic". It follows, therefore, that later manifestations of a stomach disorder should be service connected unless clearly attributable to intervening causes. 38 C.F.R. § 3.303(b).

To establish that he suffered a chronic stomach disorder, appellant asks this Court to take judicial notice that a duodenal ulcer is a "chronic" disease. We recognize, of course, that "[c]ourts may take judicial notice of facts of universal notoriety, which need not be proved, and of whatever is generally known within their jurisdictions." *B.V.D. Licensing Corp. v. Body Action Design, Inc.,* 846 F.2d 727, 728 (Fed.Cir. 1988); *Holloway v. Lockhart,* 813 F.2d 874, 878 (8th Cir.1987); *see also* Fed.R.Evid. 201(b) (1990) (courts may take judicial notice of facts not subject to reasonable dispute); *Smith v. Derwinski,* 1 Vet.App. 235, 238 (1991).

We have examined the medical texts proffered by appellant: R. Berkow, *The Merck Manual of Diagnosis and Therapy* 741 (15th ed. 1987); Galambos and Hersh, *Digestive Diseases* 247 (1983); 2 *Bockus: Gastroenterology* 1118 (1985); and H. Spiro, *Clinical Gastroenterology* 327 (3d ed. 1983). We also note that the Secretary in the case of *Bagby v. Derwinski,* 1 Vet.App. 225 (1991), also invited the Court to judicially notice the chronic nature of a duodenal ulcer. Since the Secretary has not objected to the proffered texts, the Court could reasonably interpret his position to be that he concedes that the "chronic" nature of a duodenal ulcer should be judicially noticed by this Court. Nevertheless, based on the proffered medical texts and despite the Secretary's identical position in *Bagby* the Court declines to judicially notice that a duodenal ulcer is, in all instances, "chronic."

■ We observe again, as we did in *Smith,* at 238, that the submitted medical texts are better suited for consideration before a Department of Veterans Affairs (VA) Regional Office or the BVA. *See also Green v. Derwinski,* 1 Vet.App. 320, 323 (1991). If a duodenal ulcer is chronic, it is not a fact "of universal notoriety, which need not be proved." We cannot say, based upon the submissions of both parties, albeit in different cases, that a duodenal ulcer is a "chronic" disease in all instances.

Despite the fact that we decline to judicially notice the "chronic" nature of a duodenal ulcer, the Court notices the Secre-

tary's regulation at 38 C.F.R. § 3.309(a) (1990), which includes duodenal ulcers within a list of "chronic" diseases subject to a presumption of service connection. For the laws he administers, the Secretary is obviously free to deem a duodenal ulcer a "chronic" disease.

In this case, then, the Court chooses not to judicially notice the "chronic" nature of a duodenal ulcer, but rather to judicially notice the regulation found at 38 C.F.R. § 3.309(a). *See Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 468 (1st Cir. 1988) (OSHA regulations subject to judicial notice); *Crimm v. Missouri Pac. R. Co.*, 750 F.2d 703, 709–10 (8th Cir.1984) (court may take judicial notice of Federal Register and Code of Federal Regulations). The regulation promulgated under the Secretary's authority clearly reveals that for the laws he administers the Secretary considers the chronic nature of a duodenal ulcer to have been established.

We acknowledge that what we do and refuse to do here smacks of doing indirectly what we refuse to do directly. This, however, is consistent with a proper understanding of judicial notice. Courts are better suited to acknowledge undebatable historic facts, which include statutes and regulations, than to comment on and interpret the status of medical principles.

### III.

 This Court is authorized to set aside findings of material fact made by the BVA when they are clearly erroneous. 38 U.S.C. § 4061(a)(4) (1988). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)). This Court recognizes that it is not allowed to substitute its judgment for that of the Board, and will affirm factual findings even where the court may not have reached the same factual determi-

nations so long as there is a plausible basis in the record. *Id.* at 52–53. Conversely, of course, where a plausible basis is lacking, this Court will set aside factual findings as clearly erroneous.

 In his appeal to the Board the issue was clearly framed whether appellant was entitled to benefits for a service-connected chronic stomach disorder. In its recitation of the evidence before it, the Board credited both x-ray evidence showing scarring of the duodenal bulb—evidence of a duodenal ulcer—and a formal diagnosis of quiescent duodenal ulcer before discharge. Since the Secretary, by regulation, deems that a duodenal ulcer is a chronic disease, we hold that the Boards' factual finding that "inservice epigastric complaints did not represent a chronic stomach disorder" is clearly erroneous. Accordingly, the decision of the Board if REVERSED and the case is REMANDED with instructions to grant service connection and determine the appropriate disability rating to which appellant is entitled.