346 F.3d 1362
 Jane E. PRILLAMAN, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent-Appellee.
Charles E. Blackwell, Claimant-Appellant,
v.
Anthony J. Principi, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 03-7012.
 No. 03-7036.
 United States Court of Appeals, Federal Circuit.
 DECIDED: October 14, 2003.
 Corrected October 28, 2003.
 
 Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimants-appellants in 03-7012 and 03-7036.
 Lauren S. Moore, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee in 03-7012 and 03-7036. On brief 03-7012 were David M. Cohen, Director; Franklin E. White, Jr., Assistant Director; and Virginia G. Farrier, Attorney. Of counsel on the brief was David R. McLenachen, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel were R. Alan Miller, Attorney, Department of Justice; and Richard J. Hipolit, Department of Veterans Affairs. With her on brief 03-7036 were David M. Cohen, Director; and Brian M. Simkin, Assistant Director. Of counsel on the brief was David J. Barrans, Attorney, Department of Veterans Affairs.
 Before NEWMAN, MICHEL, and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Appellants Blackwell and Prillaman appeal from the decisions of the Court of Appeals for Veterans Claims ("CAVC") affirming the Board of Veterans' Appeals' ("BVA's") finding that there was no new and material evidence supporting a reopening of the appellants' claims for service connection. Because the CAVC correctly applied a clear error standard of review to the BVA's determination that there was no new and material evidence, we affirm.
 
 Background
 
 2
 Under section 7105(c) of Title 38, a final decision on a veteran's claim that is not appealed may not be reopened unless otherwise authorized. 38 U.S.C. § 7105(c) (2000). The statute provides two grounds on which otherwise final claims may be reopened. First, under section 7111, an otherwise final claim can be revised on the grounds of clear and unmistakable error ("CUE"). Id. at § 7111. Second, section 5108 provides that, "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." Id. at § 5108. It is this second provision, section 5108, that is at issue in the present cases.
 
 
 3
 In Hodge v. West, 155 F.3d 1356 (Fed. Cir.1998), this court clarified the standard for determining whether evidence was new and material under section 5108, and held that new and material evidence determinations require the application of 38 C.F.R. § 3.156(a), the VA's regulation defining new and material evidence. The VA's regulation, now revised, provides:
 
 
 4
 New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.
 
 
 5
 38 C.F.R. § 3.156(a) (2003). This regulation clearly articulates the standards for novelty and materiality under section 5108. Thus, after Hodge, the BVA was to apply the clear standard set forth in that regulation to the particular facts of a case and determine whether the evidence submitted was new and material.
 
 
 6
 Following this court's decision in Hodge, the CAVC convened en banc to consider the application of that decision to future cases involving its review of new and material evidence determinations by the BVA under section 5108. See Elkins v. West, 12 Vet.App. 209, 210 (1999) (en banc). In Elkins, the CAVC conducted a thorough and detailed analysis of the appropriate standard of review for BVA new and material evidence determinations. As an initial matter, the CAVC noted that several prior cases suggested that the new and material evidence determination was a factual determination that should be reviewed with deference. For example, in Barnett v. Brown, this court noted, in analyzing its own jurisdiction, that "the question of whether evidence in a particular case is `new and material' is either a `factual determination' under [38 U.S.C. § ]7292(d)(2)(A) or the application of law to `the facts of a particular case' under [38 U.S.C. § ]7292(B)." 83 F.3d 1380, 1383 (Fed.Cir.1996). Further, in Hodge, this court stated that "[e]ither the Court of Veterans Appeals or the Board must make this fact-specific determination in the first instance." Hodge, 155 F.3d at 1364 n. 2.
 
 
 7
 The court in Elkins determined that, in light of Hodge, the new and material evidence determination would no longer be regarded as a question of law to be reviewed de novo. The court noted:
 
 
 8
 Given the learning from the above cases and the reality that a determination of the existence of new and material evidence now requires the direct application of 38 C.F.R. § 3.156(a) to a set of specific facts, this Court has concluded that Board determinations on reopening generally will no longer be considered to involve a question of law to be reviewed by this Court de novo.
 
 
 9
 Elkins, 12 Vet.App. at 216. Thus, the Elkins en banc court determined unanimously that, given "the ambiguity of the Federal Circuit as to whether new-and-material-evidence determinations are questions of fact (giving rise to review under the `clearly erroneous' standard) or questions of the application of law to fact (sometimes giving rise to review under the `arbitrary and capricious' standard)" and "the uncertain state of the law as to what is permitted in `arbitrary and capricious' review," new and material evidence determinations would "generally be reviewed under a deferential standard and that the standard will ordinarily be the `clearly erroneous' standard." Id. at 217 (citation omitted).
 
 
 10
 In the cases at bar, both appellants appeal from decisions of the CAVC affirming BVA determinations that the appellants had not produced new and material evidence warranting a reopening of the prior claims for service connection for psychiatric conditions. In both cases, the BVA held that the evidence produced by the appellant was not "new and material" under section 5108. In both cases, the CAVC reviewed the BVA's determination for clear error, pursuant to the CAVC's en banc decision in Elkins, and found that the BVA had not clearly erred in denying the request to reopen.
 
 
 11
 On appeal to this court, the appellants argue that the CAVC should review the BVA's new and material evidence determinations de novo. In addition, appellant Blackwell argues that the CAVC abused its discretion in not remanding his claim to the BVA sua sponte on the ground that it was not a "final determination," and thus was not ripe for review by the CAVC.
 
 
 12
 Because this appeal presents purely legal questions — whether the CAVC has applied the incorrect standard of review to new and material evidence determinations, and whether the CAVC abused its discretion in exercising uncontested jurisdiction over Blackwell's claim — we have jurisdiction pursuant to 38 U.S.C. § 7292(a).
 
 Discussion
 I.
 
 13
 The appellants offer three arguments in support of their suggestion that the CAVC has applied an improper standard of review to new and material evidence determinations by the BVA. We address each one in turn.
 
 
 14
 First, the appellants argue that this court's ruling in Jackson v. Principi, 265 F.3d 1366 (Fed.Cir.2001), establishes the new and material evidence determination as a jurisdictional threshold subject to de novo review. We are not persuaded by this argument. In Jackson, the appellant appealed from the decision of the BVA denying his request to reopen a claim for a service connection for a degenerative disc disease. Id. at 1368. Initially, the regional office granted his request to reopen based on its finding that Jackson had presented new and material evidence. Id. Nevertheless, the regional office concluded that the claim for service connection should be denied on its merits. Id. On appeal, the BVA did not address the merits of the regional office's service connection decision, but instead determined that Jackson had not presented new and material evidence. Id. Thus, the BVA concluded that his claim should not have been reopened, and denied service connection on that ground. Id.
 
 
 15
 On appeal to the CAVC, Jackson argued that the BVA had violated his due process rights by hearing the new and material evidence issue when it had been decided in his favor before the regional office, and when he was not notified that the issue would be in dispute before the Board. Id. The CAVC affirmed the decision of the BVA. Jackson appealed to this court. In considering Jackson's arguments on appeal, this court determined that the statutes related to reopening of claims for new and material evidence "make clear that the Board has a jurisdictional responsibility to consider whether it was proper for a claim to be reopened, regardless of whether the previous action denying the claim was appealed to the Board." Id. at 1369 (emphasis added).
 
 
 16
 The appellants argue that, because Jackson characterized new and material evidence determinations as "jurisdictional," such determinations must be reviewed de novo. We disagree. The mere use of the term "jurisdictional" does not invoke de novo review at all levels.
 
 
 17
 The decision in Jackson makes clear that even when the claim was denied on the merits, the BVA must review the regional office's underlying new and material evidence determination to determine whether or not a claim was properly reopened. The decision does not provide any guidance on what the standard of review in the CAVC should be; that is a matter of applying statutes and a regulation. More importantly, the holding in Jackson was limited to the BVA's responsibility to review new and material evidence determinations by the regional office. This review is fundamentally different than that conducted by the CAVC because both the BVA and the regional office are representatives of the Secretary of Veterans Affairs, while the CAVC is a separate body tasked with reviewing the Secretary's actions. The jurisdiction of the BVA is plenary, as are its responsibilities to conduct a full review. As the court in Jackson noted, section 511(a) provides that "[t]he Secretary shall decide all questions of law and fact necessary to decision by the Secretary," and section 7104(a) gives the BVA jurisdiction to review "all questions in a matter under section 511(a)." 38 U.S.C. §§ 511(a), 7104(a) (2000) (emphasis added). Thus, "sections 511(a) and 7104(a) authorize the Board to make a final decision on behalf of the Secretary regarding whether new and material evidence has been presented by a veteran." Jackson, 265 F.3d at 1369. That the BVA, as a representative of the Secretary, has an obligation to review the new and material evidence determinations made by a regional office before reaching a final decision on behalf of the Secretary neither compels nor even supports a conclusion that the CAVC must review such BVA determinations de novo. In fact, the CAVC's ability to review the BVA is narrowly limited by statute.[1]
 
 
 18
 Second, the appellants draw an analogy to the CAVC's application of a non-deferential standard of review to determinations of clear and unmistakable evidence in rebutting the presumption of sound condition set forth in 38 U.S.C. § 1111. According to the appellants, the CAVC's decision in Miller v. West, 11 Vet.App. 345 (1998), guides the outcome here; in particular, the appellants point to the Miller court's statement that:
 
 
 19
 While the underlying determination may be factual — in this case, for example, the BVA could have determined as a factual matter that [the] appellant was treated prior to service — whether those facts are sufficient to satisfy the statutory requirement that clear and unmistakable evidence be shown is a legal determination subject to de novo review.
 
 
 20
 Id. at 347 (quoting Bagby v. Derwinski, 1 Vet.App. 225, 227 (1991)). We are not persuaded by the appellants' citation to Miller and the de novo review of clear and unmistakable evidence determinations.
 
 
 21
 The clear and unmistakable evidence standard is used by the VA to overcome the statutory presumption of sound condition and demonstrate in rare cases that a particular condition existed prior to the veteran's entry into service. It thus compares a legal presumption (with no underlying evidence) against actual evidence. In contrast, the new and material evidence determination typically requires the comparison of two sets of medical evidence — that which existed prior to the closing of the claim and that produced in conjunction with a request to reopen — to see if the evidence is new and, if so, whether the differences warrant reopening of the claim. The new and material evidence analysis, therefore, is highly factual and, to a certain extent, inherently subjective. It requires attaching relative weight to two sets of conflicting evidence — such fact-weighing is usually considered an aspect of factfinding. In contrast, the clear and unmistakable evidence standard requires a determination as to whether evidence presented by the VA is so clear as to overcome a very strong, purely-legal presumption in the veteran's favor. As a comparison between an absolute legal presumption and factual evidence, the clear and unmistakable evidence standard is not sufficiently analogous to the new and material evidence determination to be instructive.[2]
 
 
 22
 Third, the appellants argue that the public policy surrounding the veterans benefits scheme compels non-deferential review of new and material evidence determinations. According to the appellants, the legislative history surrounding the veterans benefits scheme clearly communicates Congress' desire for increased judicial review because judicial review creates a more fair and accurate system. Appellants cite to Judge Plager's concurrence in Barrera v. Gober, noting that, "when construing ambiguities in the Act, we should err, if we err at all, on the side of protecting a veteran's right to the judicial review Congress has mandated." 122 F.3d 1030, 1040 (Fed.Cir.1997) (Plager, J., concurring). We agree that where two readings of the statute are equally reasonable, the public policy permeating the veterans benefits scheme does suggest increased judicial review. We do not agree, however, that this is such a case.
 
 
 23
 As the CAVC noted in Elkins, determinations of new and material evidence require the application of a clear legal standard set forth in a regulation to the particular facts of a case. In view of the clear language of the regulation endorsed in Hodge, and not challenged here, new and material evidence determinations do not require analysis of the legal standards for novelty or materiality. Rather, the regional office, and then the BVA, must compare the record of the previously closed claim with the evidence argued to be new and material to determine if it in fact amounts to new and material evidence under the regulation. This process often requires in-depth review of voluminous and complex medical records and reports. At the BVA level, a hearing on a new and material evidence determination may include live testimony from medical or percipient witnesses on complex scientific or factual evidence. In such instances, the BVA would assess witness credibility by demeanor, a quintessential fact-finding function. Because the new and material evidence determination is so fact-intensive, and in many cases will require the weighing of conflicting evidence and testimony, we conclude that deference to the BVA's determination is required.
 
 Moreover, the Supreme Court has noted:
 
 24
 At least in those instances in which Congress has not spoken and in which the issue falls somewhere between a pristine legal standard and a simple historical fact, the fact/law distinction at times has turned upon a determination that, as a matter of the sound administration of justice, one judicial actor is better suited than another to decide the issue in question.
 
 
 25
 Miller v. Fenton, 474 U.S. 104, 113-14, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Though the BVA is a not a "judicial actor" in the language of Miller, the sentiment still applies. We find that the BVA is better suited to making the fact-intensive and time-consuming new and material evidence determinations than the CAVC, and that its findings are entitled to deference.
 
 
 26
 Accordingly, we conclude that the CAVC did not err in reviewing the BVA's new and material evidence determinations under a clear error standard of review.
 
 II.
 
 27
 Appellant Blackwell also argues that the CAVC abused its discretion in not remanding his case sua sponte on the ground that it was not final for purposes of appellate review. According to Blackwell, his request, although expressly termed a request to reopen the original claim for service connection for a nervous condition, was in fact a new claim for service connection for his recently diagnosed schizophrenia. Blackwell argues that the VA regional office and the BVA mischaracterized his claim as a request to reopen, and not a new claim. Thus, according to Blackwell, there was no final decision by the VA on his new claim, and the CAVC lacked jurisdiction to review the BVA's determination.
 
 
 28
 We find that Blackwell's argument lacks merit.[3] As an initial matter, Blackwell himself characterized his claim as a request to reopen a prior claim for service connection on numerous occasions. In addition, Blackwell never argued the lack of finality of this new claim to the BVA or the CAVC, and raised it for the first time on appeal to this court. Most importantly, however, we find that the CAVC did not abuse its discretion in treating the diagnosis of "schizophrenia" as a request to open the prior claim for service connection for a "nervous" or "schizoid" condition.
 
 Conclusion
 
 29
 We conclude that new and material evidence determinations by the BVA pursuant to section 5108 should be reviewed by the CAVC under the statutory clear error standard of review as a factual determination. We also conclude the CAVC did not abuse its discretion in not remanding appellant Blackwell's claim sua sponte for lack of finality. We, therefore,
 
 
 30
 
 AFFIRM.
 
 
 
 
 Notes:
 
 
 [1]
 Specifically, the CAVC may "in the case of a finding of material fact made in reaching a decision in a case before the Department with respect to benefits under laws administered by the Secretary, hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (2003)
 
 
 [2]
 More instructive, however, is the standard of review of findings of CUE. As described above, the statutory scheme surrounding veterans claims allows for the reopening of a claim in two circumstances — a finding of new and material evidence or a finding of CUE. Thus, the new and material evidence and CUE determinations are parallel "escape clauses" under which an otherwise final determination can be reopened. Counsel for the appellants concedes that the same standard of review should apply to both parallel clauses, and concedes that CUE determinations are reviewed with deference, with one exception. Counsel for the appellants argues, however, that both clauses should be subject to de novo review. We disagree
 
 
 [3]
 The appellee argues that this court lacks jurisdiction to review the CAVC's alleged abuse of discretion in not remanding this case, and that, in any event, the appellant has waived the argument of lack of finality by not raising it before the BVA or the CAVC. We conclude that this court does have jurisdiction to review the CAVC's exercise of jurisdiction, but reject Blackwell's argument nonetheless