Citation Nr: 1710390 
Decision Date: 03/28/17 Archive Date: 04/11/17

DOCKET NO. 05-21 482 ) 
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for benign positional vertigo/chronic vestibular dysfunction.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Charles A. Bates, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1966 to September 1966.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In February 2016, the Board referred the case to the Veterans Health Administration (VHA) to obtain an expert medical opinion regarding the claim. The VHA opinion was rendered in February 2017. 

Given the favorable outcome of this decision, a further discussion of the procedural, notice, development, and assistance actions accomplished during the course of the appeal is unnecessary. See U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015); see also Bernard v. Brown, 4 Vet. App. 384, 394 (1993).
 

FINDING OF FACT

The Veteran was in sound condition at enlistment and the evidence as to whether his diagnosed benign positional vertigo/chronic vestibular dysfunction was incurred in service is at least in relative equipoise.


CONCLUSION OF LAW

The criteria to establish service connection for benign positional vertigo/chronic vestibular dysfunction have been met. 38 U.S.C.A. §§ 1110, 1111, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304(b)



REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks service connection for benign positional vertigo/chronic vestibular dysfunction. Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. This means that the facts establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Thus, establishing service connection generally requires (1) the existence of a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Veterans shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of examination, acceptance, and enrollment into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that (1) an injury or disease existed before acceptance and enrollment into service (2) and was not aggravated by such service. See 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b); see also Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); see also Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991); see also Horn v. Shinseki, 25 Vet. App. 231, 234 (2012).

The Board acknowledges that the Veteran has been diagnosed with benign positional vertigo/chronic vestibular dysfunction. See Request for Opinion, 1 (Feb. 3, 2016). The Board further acknowledges that the Veteran was also treated on several occasions during service for dizziness and blackouts. See id. at 1. Thus, the Board finds he has satisfied the first two service connection elements. See Shedden, 381 F.3d at 1167. 

The Board now turns to the final, nexus requirement of Shedden: whether a causal relationship exists between the Veteran's current disability and his in-service complaints. In this regard, the Board notes that the Veteran's report of medical examination at induction in October 1965 is silent for any abnormalities of the ear, nose, or throat or any seizure disorder or other disability that would cause dizziness or fainting spells. See Request for Opinion, 1 (Feb. 3, 2016). Thus, the Board finds that the Veteran is presumed to have been sound on entry with respect to the claim on appeal. See Wagner, 370 F.3d at 1096; see also Bagby, 1 Vet. App. at 227; see also 38 C.F.R. § 3.304(b).

In February 2017, the Board received a VHA opinion that did not rebut the presumption of soundness. See VHA Opinion, 1 (Feb. 8, 2017). Notably, the internal logic of the opinion established a link between the Veteran's current medical findings and his in-service complaints. (The opinion provider responded in the affirmative to the question whether the Veteran's in-service symptoms were an early manifestation of the same disease process currently diagnosed as benign positional vertigo and chronic vestibular dysfunction.) See id. at 1-2. Even if the Board afforded the other evidence of record, including negative nexus opinions, equally significant probative weight, it would only create an approximate balance of positive and negative evidence on the question of causation or in-service incurrence. 

Consequently, the Board finds that the evidence is at least in relative equipoise and that the record presents a plausible basis to award service connection for benign positional vertigo/chronic vestibular dysfunction. See 38 U.S.C.A. § 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990); see also Shedden, 381 F.3d at 1167; see also Wagner, 370 F.3d at 1096; see also Bagby, 1 Vet. App. at 227.






 (CONTINUED ON NEXT PAGE)



ORDER

Service connection for benign positional vertigo/chronic vestibular dysfunction is granted.




____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs