﻿Citation Nr: AXXXXXXXX
Decision Date: 12/27/18 Archive Date: 12/26/18

DOCKET NO. 181001-556
DATE: December 27, 2018
ORDER
Service connection for allergic rhinitis with polyps is granted.
Service connection for asthma is granted.
Service connection for gastroesophageal reflux disease (GERD) is granted.
Service connection for bronchitis is granted. 
FINDINGS OF FACT
1. The preponderance of the evidence fails to show the Veteran’s pre-existing allergic rhinitis was not aggravated by service. 
2. The preponderance of the evidence fails to show the Veteran’s pre-existing asthma was not aggravated by service. 
3. The preponderance of the evidence fails to show the Veteran’s pre-existing GERD was not aggravated by service. 
4. The preponderance of the evidence fails to show the Veteran’s pre-existing bronchitis was not aggravated by service. 
CONCLUSIONS OF LAW
1. The criteria for service connection for allergic rhinitis have been met. 38 U.S.C. §§ 1110, 1111, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018).
2. The criteria for service connection for asthma have been met. 38 U.S.C. §§ 1110, 1111, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018).
3. The criteria for service connection for GERD have been met. 38 U.S.C. §§ 1110, 1111, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018).
4. The criteria for service connection for bronchitis have been met. 38 U.S.C. §§ 1110, 1111, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military service. To establish service connection for the claimed disorder, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical, or in certain circumstances, lay evidence of a nexus between the claimed in-service disease or injury and the current disability. See 38 C.F.R. § 3.303 (2018); see also Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

A veteran is presumed to have been in sound condition when examined, accepted, and enrolled for service except as to defects, infirmities, or disorders noted at the time of examination, acceptance, enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service. 38 U.S.C. § 1111 (2012); 38 C.F.R. § 3.304 (2018). To rebut the presumption of soundness the burden is on VA to satisfy a two-prong test by showing by clear and unmistakable evidence that the Veteran’s disability both existed prior to service and was not aggravated during service. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991). Even when there is clear and unmistakable evidence of preexistence, the claimant need not produce any evidence of aggravation in order to prevail under the aggravation prong of the presumption of soundness. Rather, the burden is on VA to establish by clear and unmistakable evidence that it did not or that any increase was due to the natural progress of the disease. Horn v. Shinseki, 25 Vet. App. 231, 235 (2012).

The Board must determine the value of all evidence submitted, including lay and medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). The evaluation of evidence generally involves a three-step inquiry. First, the Board must determine whether the evidence comes from a “competent” source. Second, the Board must then determine if the evidence is credible, or worthy of belief. Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). Third, the Board must weigh the probative value of the evidence in light of the entirety of the record.

A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102 (2018). When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 4 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

The Veteran had multiple periods of active duty service. After his period of active duty in the 1980s, the Veteran served multiple tours from September 2004 to January 2010. The Board concedes that prior to September 2004, there was clear and unmistakable evidence the Veteran suffered from allergic rhinitis, asthma, bronchitis, and GERD. There is medical evidence documenting the Veteran’s treatment for the aforementioned diseases. Accordingly, as there is clear and unmistakable evidence of the Veteran’s disabilities, VA has the burden to show the disabilities did not increase or that any increase was due to the natural progression of the disease. 

1. Allergic Rhinitis and Asthma 
The Veteran’s hay fever and allergic rhinitis was noted in his VA records and private medical examinations. A January 2015 VA examiner noted the Veteran had a long history of allergic rhinitis. The Veteran was treated for year-round nasal congestion in service. Similarly, the VA examiner noted the Veteran’s later treatment for wheezing and symptoms consistent with deployment overseas. The Board thus concluded the Veteran’s current asthma symptoms were due to his time in service. 
The Board affords the VA examiner’s opinion high probative value. The Board concludes the VA examiner provided credible, competent evidence that the Veteran’s allergic rhinitis and asthma were due to service. Accordingly, the record fails to provide any competent evidence that the Veteran’s pre-existing disabilities was not aggravated by service. Thus, the preponderance of the probative evidence is for the Veteran’s claim and service connection for allergic rhinitis and asthma is granted. See Alemany v. Brown, 9 Vet. App. 518 (1996). 
2. GERD 
The January 2015 VA examiner also considered the Veteran’s history of acid reflux since the 1990s. The Veteran was diagnosed with GERD in 2001. The examiner concluded that the Veteran’s current symptoms least as likely as not began during service. The examiner noted the Veteran’s continual renewal of prescription medicine to help with his GERD symptoms, indicated that his symptoms began in service.
Similarly, the Board finds the preponderance of the evidence is for the Veteran’s service connection claim. There is no evidence to show the Veteran’s pre-existing disability was not clearly and unmistakably aggravated by service. Moreover, the competent, credible VA opinion concluded the Veteran’s GERD was due to his service. Therefore, the Board finds service connection for GERD is warranted. 
3. Bronchitis 
(Continued on the next page)
 
The Veteran’s private medical records document his diagnosis and treatment for bronchitis prior to his September 2004 service. The Board concedes the January 2015 VA examiner failed to provide an opinion on his bronchitis. Because the Veteran’s bronchitis pre-existed his service the burden is on the VA to establish that any increase in disability was due to the natural progression of his disease. Horn v. Shinseki, 25 Vet. App. 231, 235 (2012). The Board finds there is no evidence in the record to show that his bronchitis worsened due to the natural progression of the disease. As there is no such evidence in the record, the Board finds the benefit-of-the-doubt doctrine is applicable, and service connection for bronchitis is warranted. See 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2018).
 
D. Martz Ames
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD R. Brunot, Associate Counsel