Citation Nr: 1138412 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 10-22 637 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Arif Syed, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1958 to April 1960 and from October 1961 to August 1962.

This case comes before the Board of Veterans' Appeals (the Board) on appeal from a February 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky, which denied the Veteran's claim.
 
In September 2011, the Veteran presented testimony before the undersigned in a videoconference hearing. A copy of the transcript has been associated with the claims folder.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDING OF FACT

The competent and credible evidence does not support a finding that a relationship exists between the Veteran's currently diagnosed bilateral hearing loss disability and his military service.


CONCLUSION OF LAW

A bilateral hearing loss disability was not incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1131 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.385 (2011).





REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran seeks entitlement to a service connection for a bilateral hearing loss disability. In the interest of clarity, the Board will discuss certain preliminary matters. The issue on appeal will then be analyzed and a decision rendered.

The Veterans Claims Assistance Act of 2000

The Board has given consideration to the Veterans Claims Assistance Act of 2000 (VCAA). The VCAA includes an enhanced duty on the part of VA to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. The VCAA also defines the obligations of VA with respect to its statutory duty to assist a claimant in the development of his claim. See 38 U.S.C.A. §§ 5103, 5103A (West 2002).

The VCAA alters the legal landscape in three distinct ways: standard of review, notice, and duty to assist. The Board will now address these concepts within the context of the circumstances presented in this case.

Notice

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002 & Supp. 2010), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2011), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. 

The Board also notes that the United States Court of Appeals for Veterans Claims (Court) has held that the plain language of 38 U.S.C.A. § 5103(a) requires that notice to a claimant pursuant to the VCAA be provided "at the time" that, or "immediately after," VA receives a complete or substantially complete application for VA-administered benefits. Pelegrini v. Principi, 18 Vet. App. 112, 119 (2004).

In the case at hand, the record reflects that the originating agency provided the Veteran with the required notice, to include notice with respect to the effective-date element of the claim, by a letter mailed in November 2009, prior to the initial adjudication of his claim. In short, the record indicates the Veteran received appropriate notice pursuant to the VCAA. 

Duty to assist

In general, the VCAA provides that VA shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate a claim for VA benefits, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. The law affords that the assistance provided by VA shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2011). 

In the instant case, the Board finds reasonable efforts have been made to assist the Veteran in obtaining evidence necessary to substantiate his claim and there is no reasonable possibility that further assistance would aid in substantiating this claim. The evidence of record includes the Veteran's service treatment records, the Veteran's statements, as well as private treatment records. 

Additionally, the Veteran was afforded a VA audiological examination in January 2010. The VA examination report reflect that the examiner interviewed and examined the Veteran, reviewed his past medical history, reviewed his claims folder, documented his current medical conditions, and rendered appropriate diagnoses consistent with the remainder of the evidence of record. The Board therefore concludes that the VA examination report is adequate for evaluation purposes. See 38 C.F.R. § 4.2 (2010); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) [holding that when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate]. 

Thus, the Board finds that under the circumstances of this case, VA has satisfied the notification and duty to assist provisions of the law and that no further action pursuant to the VCAA need be undertaken on the Veteran's behalf.

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2011). The Veteran has been accorded the opportunity to present evidence and argument in support of his claim. He has retained the services of an accredited representative. He was afforded a videoconference hearing in September 2011. 

Accordingly, the Board will proceed to a decision as to the issue on appeal.

Service connection for a Bilateral Hearing Loss Disability

Generally, service connection may be granted for disability or injury incurred in or aggravated by active military service. See 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2011).

In order to establish service connection for the claimed disorder, there must be 
(1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

For certain chronic disorders, including sensorineural hearing loss disability, service connection may be presumed to have been incurred in service if the disease becomes manifest to a compensable degree within one year following separation from service. See 38 U.S.C.A. §§ 1101, 1110, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 3.309(a) (2011).

Service connection for impaired hearing shall only be established when hearing status, as determined by audiometric testing, meets specified pure tone and speech recognition criteria. Audiometric testing measures threshold hearing levels (in decibels), over a range of frequencies (in Hertz). See Hensley v. Brown, 5 Vet. App. 155, 158 (1993).

The determination of whether a veteran has a disability based on hearing loss is governed by 38 C.F.R. § 3.385 (2011). For the purposes of applying the law administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000. or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. See 38 C.F.R. § 3.385 (2011). 

A veteran will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that an injury or disease existed prior thereto. 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2011).

VA's General Counsel has held that to rebut the presumption of sound condition under 38 U.S.C. § 1111, VA must show by clear and unmistakable evidence both that the disease or injury existed prior to service and that the disease or injury was not aggravated by service. See VAOPGCPREC 3-2003 (July 16, 2003); see also Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). The Court has held, however, that this presumption attaches only where there has been an entrance examination in which the later complained-of disability was not detected. See Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991). In VAOPGCPREC 3-2003, VA's General Counsel noted that "[u]nder the language of [38 U.S.C. § 1111], VA's burden of showing that the condition was not aggravated by service is conditioned only upon a predicate showing that the condition in question was not noted at entry into service."

Cases in which the condition is noted on entrance are, however, still governed by the presumption of aggravation contained in 38 U.S.C. § 1153 (as opposed to that applicable under 38 U.S.C. § 1111 where the complained of condition was not noted on entrance into service). This statute provides that a pre-existing injury or disease will be considered to have been aggravated by active service where there is an increase in disability during such service, unless clear and unmistakable evidence shows that the increase in disability is due to the natural progress of the disease. 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. § 3.306 (2011).

Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C.A. § 1153 (West 2002); 38 C.F.R. §§ 3.304, 3.306(b) (2011).

A pre-existing disease or injury will be presumed to have been aggravated by service only if the evidence shows that the underlying disability underwent an increase in severity; the occurrence of symptoms, in the absence of an increase in the underlying severity, does not constitute aggravation of the disability. See Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002); 38 C.F.R. § 3.306(a) (2011).

Aggravation is characterized by an increase in the severity of a disability during service, and a finding of aggravation is not appropriate in cases where the evidence specifically shows that the increase is due to the natural progress of the disease. Furthermore, temporary or intermittent flare-ups of a pre-existing disease during service are not sufficient to be considered aggravation of the disease unless the underlying condition, as contrasted to symptoms, worsens. See Jensen v. Brown, 4 Vet. App. 304, 306-07 (1993); Hunt v. Derwinski, 1 Vet. App. 292 (1991).

In order to show a chronic disease in service there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word "chronic." When the fact or chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support a claim. There must be competent medical evidence unless the evidence relates to a condition as to which lay observation is competent to identify its existence. See 38 C.F.R. § 3.303(b) (2011).

After the evidence is assembled, it is the Board's responsibility to evaluate the entire record. See 38 U.S.C.A. § 7104(a) (West 2002). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each issue shall be given to the claimant. See 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. §§ 3.102, 4.3 (2011). 

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (Court) stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

The Board observes that the Veteran appears to contend that his current bilateral hearing loss disability was incurred during both periods of military service. Moreover, a VA examiner concluded in a January 2010 report that the Veteran showed "mild hearing loss" in his right ear on the October 1961 entrance examination for his second period of military service. 

To the extent that there is a question as to whether the Veteran had a preexisting bilateral hearing loss disability that was aggravated by his second period of military service, the Board notes that although the VA examiner indicated "mild hearing loss" in the Veteran's right ear on the October 1961 entrance examination, no hearing loss disability was diagnosed. Thus, the presumption of soundness applies. This presumption cannot be rebutted unless there is clear and unmistakable evidence that the bilateral hearing loss disability pre-existed and was not aggravated by service. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b). The Board observes that the Veteran's service treatment records do not document the presence of a bilateral hearing loss disability. Notably, the Veteran's May 1962 examination at separation from service was absent any complaints of or diagnosis of a hearing loss disability. Further, the January 2010 VA examiner indicated that the Veteran's audiological evaluation in conjunction with the May 1962 separation examination was within normal limits. Accordingly, the Board finds that there is not clear and unmistakable evidence that the Veteran's bilateral hearing loss disability pre-existed service. See VAOPGCPREC 3-2003 (July 16, 2003); see also Wagner v. Principi, 370 F. 3d 1089 (Fed. Cir. 2004). The presumption of soundness upon enlistment has therefore not been rebutted. See 38 U.S.C.A. § 1111 (West 2002); 38 C.F.R. § 3.304(b) (2011); see also Bagby v. Derwinski, 1 Vet. App. 225, 227.

The Veteran is claiming entitlement to service connection for a bilateral hearing loss disability, which he contends is due to his military service. See, e.g., the Veteran's notice of disagreement dated March 2010.

As noted above, in order for service connection to be granted, three elements must be present: (1) a current disability; (2) in-service incurrence of disease or injury; and (3) medical nexus. See Hickson, supra.

As to Hickson element (1), it is undisputed that the Veteran is currently diagnosed with a bilateral hearing loss disability. See, e.g., the January 2010 VA audiological examination report. Hickson element (1) is, therefore, satisfied.

With regard to Hickson element (2), evidence of an in-service incurrence of a disease or injury, the Board will address disease and injury separately.

Concerning in-service disease, a review of service treatment records reveals no evidence of a bilateral hearing loss disability. Audiological testing conducted upon the Veteran's separation from his first period of service in April 1960 and separation from his second period of service in May 1962 demonstrated hearing within normal limits. See the January 2010 VA examination report. Further, the record does not reflect medical evidence showing any manifestations of hearing loss during the one-year presumptive period after separation from service. See 38 C.F.R. §§ 3.307, 3.309(a) (2011). Indeed, the first documented complaint of hearing loss was in October 2009. See the Veteran's claim for VA benefits dated in October 2009. 

With respect to in-service injury, the Veteran asserts that he was routinely exposed to excessive noise trauma while working as an automotive repairman as well as from firing artillery. See the September 2011 Board hearing transcript, pgs. 4-5. During the adjudication of a previous claim [which is not on appeal before the Board], the RO concluded that the Veteran did in fact experience in-service noise exposure based on the Veteran's military occupational specialty as an automotive repairman. For the purposes of this decision, the Board will also assume that the Veteran experienced noise exposure during service. This is sufficient to satisfy Hickson element (2), in-service injury. 

Turning to crucial Hickson element (3), medical nexus, the competent evidence demonstrates that the Veteran's currently diagnosed bilateral hearing loss disability is unrelated to his in-service noise exposure. 

Specifically, the January 2010 VA examiner considered the Veteran's military noise exposure from tank engines and from artillery. Despite the Veteran's in-service noise exposure, the audiologist concluded that "[i]t is at least as likely as not the [Veteran's] hearing loss was caused by or a result of military service." The audiologist's rationale for her conclusion was based on a review of the Veteran's service treatment records, in particular the May 1962 separation evaluation, which she indicated was within normal limits. 

The January 2010 VA audiological examination report appears to have been based upon thorough review of the record, thorough examination of the Veteran, and thoughtful analysis of the Veteran's entire history. See Bloom v. West, 12 Vet. App. 185, 187 (1999) [the probative value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion"]. Additionally, the January 2010 VA examiner's opinion appears to be consistent with the Veteran's medical history, which is absent any symptomatology of a bilateral hearing loss disability for several years after service. Further, in rendering the opinion, the VA examiner specifically considered the exit service examinations for each period of service which she indicated were within normal limits as well as the Veteran's in-service noise exposure, which she determined was not related to his current hearing loss disability. 

The Board notes that the Veteran submitted a private medical opinion from J.R., D.O., which states that "[the Veteran] suffers from hearing loss and tinnitus and this may be related to his military service." However, the Court has held that medical evidence which is speculative, general or inconclusive in nature cannot support a claim. See Jones v. Shinseki, 23 Vet. App. 382, 390 (2011); Beausoleil v. Brown, 8 Vet. App. 459, 463 (1996); Libertine v. Brown, 9 Vet. App. 521, 523 (1996). Thus, the opinion rendered by Dr. J.R. is of no probative value in determining whether a medical nexus exists between the Veteran's bilateral hearing loss disability and his military service.

In relevant part, 38 U.S.C.A. 1154(a) (West 2002) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).
"Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence").

The Board notes that the Veteran, while entirely competent to report his symptoms both current and past (including difficulty hearing), has presented no clinical evidence of a nexus between his bilateral hearing loss disability and his military service. The Board finds that the Veteran as a lay person is not competent to associate any of his claimed symptoms to acoustic trauma during service. That is, the Veteran is not competent to opine on matters such as the etiology of his current bilateral hearing loss disability. Such opinion requires specific medical training and is beyond the competency of the Veteran or any other lay person. In the absence of evidence indicating that the Veteran has the medical training to render medical opinions, the Board must find that his contention with regard to a medical nexus between his bilateral hearing loss disability and his military service to be of no probative value. See also 38 C.F.R. § 3.159(a)(1) (2011) [competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions]. Accordingly, the statements offered by the Veteran in support of his own claim are not competent evidence of a medical nexus.

The Board is aware of the provisions of 38 C.F.R. § 3.303(b), discussed above, relating to chronicity and continuity of symptomatology. The Board notes that the Veteran appears to be contending that he has had a bilateral hearing loss disability continually since service. However, the first postservice evidence of complaint of, or treatment for, a bilateral hearing loss disability is dated in October 2009. See the Veteran's claim for VA benefits dated in October 2009. This was more than 45 years after the Veteran left service in August 1962. 

While the Veteran is competent to report hearing loss over the years since service, the Board notes that a hearing loss disability was not indicated at the time of his service discharge from his second period of military service in May 1962. As such, his May 1962 separation examination from service contradicts any current assertion that his current bilateral hearing loss disability was manifested during service. There is no competent medical evidence that the Veteran complained of or was treated for a bilateral hearing loss disability for many years after his separation from service. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) [noting that it was proper to consider the veteran's entire medical history, including the lengthy period of absence of complaint with respect to the condition he now raised]; see also Mense v. Derwinski, 1 Vet. App. 354, 356 (1991) [affirming Board where it found that veteran failed to account for the lengthy time period after service for which there was no clinical documentation of the claimed condition]. The Board accordingly places no probative value on the assertions of the Veteran that there has been a continuity of symptomatology dating to service. Therefore, continuity of symptomatology after service is not demonstrated. 
Accordingly, Hickson element (3) is not met, and the Veteran's claim fails on this basis. 

In conclusion, for the reasons and bases expressed above the Board finds that the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for a bilateral hearing loss disability. The benefit sought on appeal is accordingly denied.


ORDER

Entitlement to service connection for a bilateral hearing loss disability is denied.



____________________________________________
L.M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs