Citation Nr: 1452681 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 12-25 795 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a right ear hearing loss.

2. Entitlement to service connection for tinnitus.

3. Entitlement to service connection for a low back disability, to include degenerative disc disease (DDD) and an intradural spinal mass.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

M. Scott Walker, Counsel


INTRODUCTION

The Veteran had active service from June 1970 to June 1974.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a July 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

These issues were previously before the Board in January 2014. At that time, the Board granted the Veteran's application to reopen a claim for entitlement to service connection for a low back disorder and remanded each claim at issue for additional development. 

Regarding the Veteran's low back claim, the RO/Appeals Management Center (AMC) was directed to obtain a supplemental VA opinion so as to discern whether clear and unmistakable evidence exists to show that a low back disability pre-existed service and, if so, whether clear and unmistakable evidence exists to show that such disability was not permanently aggravated beyond its normal progression during his period of active service. That development having been completed, the matter has properly been returned to the Board for appellate consideration. See Stegall v. West, 11 Vet. App. 268 (1998).

As to the Veteran's right ear hearing loss and tinnitus claims, the RO/AMC was directed to provide a VA examination so as to discern the nature and etiology of the Veteran's claimed audiological disorders. To that end, the Board notes that a remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand. See Stegall. Here, the requested development was not completed in its entirety, as it does not appear that the VA examination notice was mailed to the Veteran's current address. 



The Veteran failed to report for the examination, and the Board's January 2014 remand, as well as the September 2014 supplemental statement of the case (SSOC), were each returned to VA as undeliverable. While a June 2014 summary includes what appears to be the Veteran's current mailing address, each of these documents, as well as the VA examination report request, referenced the prior address of record. Therefore, the Veteran's right ear hearing loss and bilateral tinnitus claims must once again be remanded so as to ensure a complete record on which to base the decisions.

The issues of entitlement to service connection for right ear hearing loss and tinnitus are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. During his period of active service, the Veteran reported with back pain on multiple occasions. However, service treatment records are silent for a diagnosis of a chronic low back disorder, and no such diagnosis or report was noted upon separation in June 1974.

2. A chronic low back disorder was not diagnosed during service, was not diagnosed within one year of separation, and as such, any current low back disorder is not attributable to service.


CONCLUSION OF LAW

A low back disorder was not incurred in or aggravated by service and may not be presumed to have been incurred or aggravated therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2014). 



REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Duty to Notify and Assist

Initially, the Board notes that VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a).

Proper notice from VA must inform the claimant and his representative, if any, prior to the initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ) of any information and any medical or lay evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

The Veteran has received all essential notice, has had a meaningful opportunity to participate in the development of his claim, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir., 2004). An RO letter dated in May 2011 informed the Veteran of each element required by 38 C.F.R. § 3.159(b), as stated above. As such, the VCAA duty to notify was satisfied. Furthermore, neither the Veteran, nor his representative, has either alleged, or demonstrated, any prejudice with regard to the content or timing of VA's notices or other development. See Shinseki v. Sanders, 129 U.S. 1696 (2009) (clarifying that the burden of showing that an error is harmful, or prejudicial, normally falls upon the party attacking the agency's determination). Thus, adjudication of his claim at this time is warranted. 

VA also has a duty to assist the Veteran with the development of facts pertinent to the appeal. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The Board finds that all necessary development has been accomplished. The RO has obtained the Veteran's VA treatment records and service treatment records. The Veteran also submitted statements in support of his claim. The Veteran has not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. 

Further, a VA medical opinion was authored in May 2014. The examiner, a medical professional, had previously performed a full VA examination of the Veteran in August 2012, at which time he reviewed the Veteran's records, obtained an accurate history, listened to the Veteran's assertions, and performed appropriate tests germane to establishing whether an etiological relationship exists between the Veteran's current low back diagnoses and his period of active service. The examiner once again reviewed the record in its entirety in May 2014. Therefore, the Board finds that the opinions of record are adequate and contain sufficient information to decide the issue on appeal. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143. 

Service Connection

In this case, the Veteran claimed that he has a current low back disorder which is etiologically-related to his period of active service. 

In order to prevail on the issue of service connection on the merits, there must be medical evidence of (1) a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See generally Hickson v. West, 12 Vet. App. 247, 253 (1999).

Where the evidence reveals a chronic disease in service, or continuity of symptomatology after service, the disease shall be presumed to have been incurred in service. For the showing of a chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease shown in service or within the presumptive period, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303(b). 

At the outset, the Board notes that the Veteran has been diagnosed with lumbar spondylosis, lumbar degenerative disc disease, and an intradural spinal mass of unknown etiology. The Board notes that DDD is not a "chronic disease" listed under 38 C.F.R. § 3.309(a), therefore 38 C.F.R. § 3.303(b) does not apply in this instance. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). In reference to the August 2012 VA examination report, the examiner indicated that DDD is the preferred term for changes in the spine that occur with age and senescence (deterioration over time). Spondylosis refers to calcification at the margin of the annular ligaments.

The Board notes that VA law provides that a Veteran is presumed to be in sound condition, except for defects, infirmities or disorders noted when examined, accepted, and enrolled for service, or where clear and unmistakable evidence establishes that an injury or disease existed prior to service and was not aggravated by service. 38 U.S.C.A. §§ 1111 , 1132, 1137 (West 2002). The presumption of soundness attaches only where there has been an induction examination during which the disability about which the Veteran later complains was not detected. See Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991). The regulations provide expressly that the term "noted" denotes "[o]nly such conditions as are recorded in examination reports," 38 C.F.R. § 3.304(b) (2014), and that "[h]istory of pre-service existence of conditions recorded at the time of examination does not constitute a notation of such conditions." Id. at (b)(1). When no preexisting condition is noted upon entry into service, the Veteran is presumed to have been sound upon entry. The burden then falls on the government to rebut the presumption of soundness by clear and unmistakable evidence that the Veteran's disability was both preexisting and not aggravated by service. VAOPGCPREC 3-2003; see also Wagner v. Principi, 370 F.3d 1089 (Fed. Cir. 2004). 

Here, although the Board addressed the presumption of soundness in its January 2014 remand, upon further review, the Board has determined that such analysis is not required. Although the Veteran reported, during his period of service, that he suffered a back injury prior to enlistment, no such disorder was noted upon entrance. Therefore, the presumption of soundness attaches, and no further inquiry is required to determine whether a preexisting disorder was aggravated during his period of active duty. Instead, this decision will focus on whether the Veteran's in-service reports of low back pain are etiologically-related to his current lumbar diagnoses.

Turning to his period of active service, the Veteran's enlistment examination in June 1970 was negative for any chronic back disorder. On July 13, 1970, the Veteran reported a history of a back injury before entering service, incurred while working construction. However, records of treatment for a back disability prior to service are not of record. The Veteran reported with back pain on several occasions, noting that he hurt his low back while participating in the shuffle run during basic training. He reported with back pain for a period spanning from July 1970 through February 1971. X-ray reports during this time, as well as the three years of active service following this last report of back pain, were normal. The Veteran's lumbar spine was normal on separation in June 1974. At that time, he also denied recurrent back pain in his Report of Medical History, which was signed by him certifying that the information contained therein was the truth.

Post-service, the Veteran was afforded a VA examination in conjunction with his original claim for service connection in April 1990. At that time, he complained of low back pain. Examination revealed normal range of motion, no tenderness, and a negative straight leg lift test. He was not diagnosed with any disorder of the spine.

In fact, the record is silent for a diagnosis of a chronic back disorder for nearly four decades following separation. In October 2011, it was determined that the Veteran carried a diagnosis of multilevel degenerative changes, as well as an intradural lesion at the L2-3 level. The Veteran reported that he twisted his back during boot camp in 1970, and that he was evaluated but not hospitalized. He stated that he was better after 2-3 weeks. Following service, the Veteran was an iron worker. He reported that he was seen by chiropractors between 1975 and the 1990's, though these records were not at hand. The Veteran stated that his back pain had existed since his period of active service.

Following a thorough examination, the examiner determined that the Veteran's back disorder was not caused by, or the result of, his period of active service. In support of that opinion, it was noted that the Veteran was seen on 3-4 occasions during active duty in 1970 and 1971, and was then able to serve three additional years with no reports of low back pain. The examiner also pointed out that the Veteran's separation examination was negative for any back disorder, and that x-rays during service were consistently normal. Following separation, records were silent for any low back treatment for 37 years, and there was no documented history of continued complaints to indicate a chronic, disabling condition. Further, the examiner found that degenerative changes, demonstrated by x-ray evidence, were compatible with the Veteran's age and senescence, thus, indicating that any post service symptoms were not related to his current disability. 

Following a January 2014 Board remand, a supplemental opinion was authored by the same VA examiner in May 2014. Although the Veteran's soundness at entrance has been conceded herein, the examiner opined that the Veteran's low back disorder preexisted his period of active service and was not permanently aggravated therein. As to in-service symptomatology, it was noted that the Veteran reported with back pain for a period of less than 12 months out of 48, and that post-service medical records showed no evidence of back treatment for nearly four decades. The examiner essentially found that any in service back problems resolved by the time of his separation from service, and were unrelated to any post service back condition.

As to the Veteran's assertions that he contracted his diagnosed low back disorders during his period of active service, the United States Court of Appeals for the Federal Circuit (Federal Circuit) held that lay evidence is one type of evidence that must be considered, and competent lay evidence can be sufficient in and of itself. The Board, however, retains the discretion to make credibility determinations and otherwise weigh the evidence submitted, including lay evidence. See Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006). This would include weighing the absence of contemporary medical evidence against lay statements.

Laypersons are considered competent to provide a medical diagnosis only if (1) the condition is simple to identify (such as a broken leg), (2) he or he is reporting a contemporaneous medical diagnosis, or (3) his or his description of symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Here, the Veteran is competent to report symptoms such as pain in low back, however, he is not competent to diagnose complex medical disorders such as DDD or a intradural spinal mass, nor the etiology thereof, these determinations require clinical testing and training to interpret tests and studies and analyze symptoms. 

Unfortunately, there is no competent opinion of record linking such disorders to his military service. Further, and as established above, the Veteran is not competent to diagnose, or provide an etiological opinion, for either disorder. While he asserts that these disorders began during service, there is no record of any report of back symptomatology or condition at separation. Significantly, it was noted that the Veteran's degenerative changes were normal for a person of his age.

In sum, the competent evidence does not establish that the Veteran's currently-diagnosed low back disorders are related to his period of active duty in any way. Therefore, the evidence in this case is not so evenly balanced so as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. The preponderance is therefore against this claim, and as such it must be denied. 


ORDER

Entitlement to service connection for a low back disability, to include degenerative disc disease (DDD) and an intradural spinal mass, is denied.



REMAND

After a review of the record, the Board concludes that the Veteran's claims for entitlement to service connection for right ear hearing loss and tinnitus must be remanded once more, as VA has not fulfilled its duty to assist the Veteran in substantiating his claims.

As noted above, the RO/AMC was directed to provide a VA examination so as to discern the nature and etiology of the Veteran's claimed audiological disorders (hearing loss and tinnitus). Here, the requested development was not completed in its entirety, as it does not appear that the VA examination notice was mailed to the Veteran's current address. 

The Veteran failed to report for the examination, as it does not appear that he had adequate notice thereof, and the Board's January 2014 remand, as well as the September 2014 supplemental statement of the case (SSOC), were each returned to VA as undeliverable. While a June 2014 summary includes what appears to be the Veteran's current mailing address, the Board decision and SSOC, as well as the VA examination report request, referenced the prior address of record. Therefore, the Veteran's right ear hearing loss and bilateral tinnitus claims must once again be remanded so as to ensure a complete record on which to base the decisions. See Stegall. 

Accordingly, the case is REMANDED for the following actions:

1. The RO/AMC shall obtain a VA audiological opinion so as to assess the nature and etiology of the Veteran's right ear hearing loss and tinnitus. 

If right ear hearing loss is diagnosed in accordance with 38 C.F.R. § 3.385, the examiner must provide an opinion as to whether hearing loss and/or tinnitus are at least as likely as not etiologically-related to his military service. The Veteran's claims folder must be made available to the examiner for review in conjunction with the opinions. The Veteran may be recalled for examination, if deemed necessary. Following a review of the claims folder, to include the Veteran's statements in support of his claim, as well as the fact that the Veteran's right ear met VA requirements for hearing loss upon separation from active service, the examiner should address the following:

A) If right ear hearing loss is diagnosed in accordance with VA regulations, whether it is at least as likely as not (50 percent or greater likelihood) that right ear hearing loss originated during active service, originated within one year of service discharge, or is otherwise related to active service. 

B) Whether it is at least as likely as not (50 percent or greater likelihood) that tinnitus originated during active service, or is otherwise related to active service. 

Note: The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

The examiner should provide a clear rationale and basis for all opinions expressed. The examiner should also note in his or her opinion that a review of the claims file was conducted, and must discuss pertinent evidence within the claims file. Consideration must be given to the Veteran's assertion of continuity of symptomatology.


If it is the opinion of the examiner that the Veteran's audiological disorders are the result of aging, post-service noise exposure, or any other process not related to in-service acoustic trauma, a rationale must be provided to fully explain why the Veteran's current symptomatology is not consistent with in-service noise exposure or why such exposure is not at least a "contributing factor" to any current hearing loss.

If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

2. The RO/AMC should review the examination report to ensure that it contains all information requested in this remand, and that any recommended additional examination/testing has been conducted. 

3. If either claim on appeal remains denied, the RO/AMC should issue a supplemental statement of the case before returning the case to the Board, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).




______________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs