Citation Nr: 1523831 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-29 618 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for asthma.

2. Entitlement to service connection for asthma.

3. Whether new and material evidence has been received to reopen a claim of service connection for numbness in the fingers.

4. Entitlement to service connection for numbness of the upper extremities.


REPRESENTATION

Appellant represented by: Kentucky Department of Veterans Affairs




ATTORNEY FOR THE BOARD

N. DiPadova, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1982 to July 1982.

These matters are before the Board of Veterans' Appeals (Board) on appeal from a March 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky. 

The claim of service connection for numbness of the upper extremities was originally raised and adjudicated as a claim of service connection for numbness in the fingers. The 1983 rating decision denied service connection for numbness in the fingers. The evidence added indicates that there is numbness in other parts of the upper extremities. The United States Court of Appeals for Veterans Claims (Court) has held that the focus of the Board's consideration as to whether a claim was one to reopen should be on "whether the evidence presented truly amounts to a new claim 'based upon distinctly diagnosed diseases or injuries' . . . or whether it is evidence tending to substantiate an element of a previously adjudicated matter." Velez v. Shinseki, 23 Vet. App. 199 (2009). Since the Board is reopening the claim, to ensure that all related numbness disabilities are considered on a de novo review, the Board has expanded the claim of service connection, to include numbness in the upper extremities, so all potential disabilities relating to the arms, hands, or fingers are considered de novo.

Regardless of the RO's actions, the Board has jurisdictional responsibility to determine whether a claim previously denied by the Board or RO is properly reopened. The Board has characterized the claim accordingly. See Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996).

The issues of entitlement to service connection for asthma and for numbness of the upper extremities are addressed on a de novo basis in the REMAND portion of the decision below and are REMANDED to the agency of original jurisdiction (AOJ).


FINDINGS OF FACT

1. An unappealed January 1983 rating decision denied the Veteran's claims seeking service connection for asthma and numbness in the fingers.

2. The evidence associated with the claims file since the January 1983 rating decision is neither cumulative nor redundant of the evidence already of record and raises a reasonable possibility of substantiating the claims for service connection for asthma and for numbness in the fingers.


CONCLUSIONS OF LAW

1. The January 1983 rating decision is final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. § 20.1103 (2014).

2. New and material evidence having been submitted, the claim for service connection for asthma is reopened. 38 U.S.C.A. § 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2014).

3. New and material evidence having been submitted, the claim for service connection for numbness in the fingers is reopened. 38 U.S.C.A. § 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2014).






REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Notice and Assistance

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). 

Inasmuch as the determination below reopens the claims of service connection for asthma and for numbness in the fingers, there is no reason to belabor the impact of the duties to notify and assist on the claims to reopen, since any error in notice content or timing or in the duty to assist on that aspect of the claims are harmless.

II. Legal Criteria

Service connection for asthma and for numbness in the fingers was denied in a January 1983 rating decision. In particular, the RO found that the Veteran's asthma was not aggravated beyond its normal progression during the Veteran's two weeks of service and that the Veteran's numbness in his fingers was not shown at the time of discharge. The Veteran did not appeal this decision. Thus, the decision became final. 38 U.S.C.A. § 7105(c); 38 C.F.R. §§ 3.104(a), 3.156(b), 20.302, 20.1103.

In order to reopen a claim which has been previously denied and which is final, the claimant must present new and material evidence. 38 U.S.C.A. § 5108. If the claim is reopened, it will be reviewed on a de novo basis. 38 U.S.C.A. §§ 5108, 7105; Evans v. Brown, 9 Vet. App. 273 (1996); Manio v. Derwinski, 1 Vet. App. 140 (1991). "New" evidence is defined as existing evidence not previously submitted to agency decision-makers. "Material" evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1131, 38 C.F.R. § 3.303. A disorder may be service connected if the evidence of record shows that the Veteran currently has a disorder that was chronic in service or, for certain chronic diseases detailed in 38 C.F.R. § 3.309(a), that was seen in service with continuity of symptomatology demonstrated thereafter. 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (holding that the continuity of symptomatology provisions of 38 C.F.R. § 3.303(b) only apply to a chronic disease listed in § 3.309(a)). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d). 

In order to establish service connection for a claimed disorder, the following must be shown: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 
13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

III. Analysis

Asthma

Evidence of record in January 1983 included the Veteran's pre-service October 1975 private treatment record in which the Veteran was treated for an asthma attack. A letter dated in March 1992 from a private doctor reflects that the doctor noted the history of treatment for asthma in 1975 but stated that he now found no evidence of asthma. Also of record were the Veteran's service medical records which show that on the entrance medical history he reported a history of asthma with no attacks since age 11. On entrance medical examination, clinical evaluation of his lungs was normal. Shortly after entry onto active service, he was treated for asthma which was characterized as having existed prior to service. He was then discharged from service based on a finding that he had been medically unfit for enlistment. The RO in January 1983 denied service connection for asthma on the basis that it existed prior to service and was not aggravated beyond the normal progression. 

The evidence received as part of the Veteran's February 2012 petition to reopen includes private treatment records which reflect a diagnosis of asthma and statements from the Veteran's family which indicate that the Veteran has a current disability of asthma and has experienced such symptoms for many years. There is also a written statement from the Veteran dated in May 2012 in which he reported having no attacks of asthma after age 12 until he entered service. He further stated that he had been bothered by it ever since. This evidence is new, as it was not previously of record. It also raises a reasonable possibility of substantiating the claim of service connection for asthma (as it suggests that the asthma was worse after service than before), therefore, it is material. 38 C.F.R. § 3.156(a); Shade v. Shinseki, 24 Vet. App. 110 (2010). The claim for asthma is thereby reopened. However, as discussed below, further development is required.

Numbness in the Fingers

Evidence of record in January 1983 included the Veteran's service treatment records (STRs), specifically, a July 1982 record that noted numbness in the Veteran's arms. The RO denied service connection in 1983 on the basis that the numbness had resolved by discharge from service. 

The evidence received as part of the Veteran's May 2013 petition to reopen includes private treatment records which reflected a diagnosis of numbness in the hands and July and September 2012 statements from the Veteran's family regarding the Veteran's symptoms for this claimed disability. This evidence was submitted after the January 1983 RO rating decision and is not redundant or cumulative of evidence previously of record, therefore, it is new evidence. The evidence raises a reasonable possibility of substantiating the claim of service connection for numbness of the fingers, therefore, it is material. 38 C.F.R. § 3.156(a); Shade v. Shinseki, 24 Vet. App. 110 (2010). The claim for numbness of the fingers is thereby reopened. However, as discussed below, further development is required. 


ORDER

The claim of entitlement to service connection for asthma is reopened; to this extent only, the appeal is granted. 

The claim of entitlement to service connection for numbness of the fingers is reopened; to this extent only, the appeal is granted.


REMAND

I. Asthma 

The Veteran is seeking entitlement to service connection for asthma. However, before the claim can be adjudicated, additional development is necessary.

A Veteran will be considered to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious or manifest) evidence demonstrates that (1) an injury or disease existed before acceptance and enrollment into service (2) and was not aggravated by such service. 38 U.S.C.A. § 1111 (West 2014); 38 C.F.R. § 3.304(b) (2014); Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); Bagby v. Derwinski, 1 Vet. App. 225, 227 (1991). Only such conditions as are recorded in examination reports are to be considered as noted. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304(b).

On March 1982 service entrance examination, the examiner reported that the Veteran's lungs were normal. The examiner noted that the Veteran's last asthma attack was when he was eleven years old. The Veteran marked that he had asthma in his March 1982 medical history report. 

The Veteran's July 1982 Entrance Physical Standards Board Proceedings record reflects that the Veteran had no documented history of asthma, except as a child. The Veteran experienced wheezing, coughing, and shortness of breath. The examiner diagnosed the Veteran with asthma and the Veteran was found unfit for enlistment. 

The Veteran stated in June 2012 correspondence that he grew out of his asthma before he entered service. He reported that when he got sick, he went to the VA doctor and they diagnosed him with asthma. The Veteran stated that he wanted to stay in service, but the Army would not allow him to stay because of his asthma. 

In a November 2012 statement, the Veteran stated that he knew someone who received benefits for getting injured in basic training, and since he was sent home during basic training because of his asthma, he felt that he was also entitled to benefits. He stated that he was told he had a pre-existing condition of asthma. He said he did not have any asthma attacks or colds of any kind until he was sent to Fort Jackson, South Carolina. 

In a September 2002 Medical Examination Report for Commercial Driver Fitness Determination, the examiner noted that the Veteran's asthma was under control by medication. 

The Veteran has not been afforded a VA examination. The duty to assist includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. An examination is required when (1) there is competent evidence of a current disability; (2) evidence establishing "in-service event, injury or disease," or that certain diseases manifested in accordance with presumptive service connection regulations occurred which would support incurrence or aggravation; and (3) an indication that the current disability may be related to an in-service event; but (4) insufficient competent medical evidence to decide the case. See 38 C.F.R. § 3.159(c)(4)(i); McLendon, 20 Vet. App. at 81.

In the instant case, an examination is necessary because it is unclear whether the Veteran had asthma that pre-existed his service, and if so, whether such asthma was aggravated by his service. 

Further, there is a large gap in time between the Veteran's separation from service and his September 2002 private treatment record. It is unclear whether the Veteran received treatment for asthma from the time of his discharge from service and the September 2002 private treatment record. Therefore, the Board requests that the RO attempt to obtain any records that may show treatment of asthma during this period of time. 

II. Numbness in the Upper Extremities

The Veteran seeks entitlement to service connection for numbness in the upper extremities. Before the Board can adjudicate the claim of service connection for numbness in the upper extremities, additional development is required.

An August 2000 private examination is the first private medical record that indicates that the Veteran was being treated for numbness in the upper extremities. The private treatment provider, Dr. A.M.F. noted in December 2000 that the Veteran felt the numbness in his upper extremities, but that there had been some improvement. Further, in a July 2003 record Dr. A.M.F. reported that the Veteran had a history of numbness and tingling and provided an assessment of paresthesia of the upper extremities. Dr. A.M.F. noted that the Veteran was advised to see a hand surgeon, but it is unclear whether he ever saw one. Further, Dr. A.M.F. continued to treat the Veteran for numbness in the upper extremities. In August 2009, the Veteran reported numbness in his hands. The Board finds the private treatment records of great probative value regarding the treatment of the Veteran's numbness in his upper extremities, however, none of the records relate the Veteran's numbness of the upper extremities to his military service. 

In a March 2012 statement the Veteran indicated that he was being treated by a private physician for tingling in his fingers and hands.

The evidence of record reflects the continuity of symptoms and a current disability, however, the Veteran has not been afforded a VA examination in connection with his claim for service connection. As noted above, the duty to assist additionally includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. See 38 C.F.R. § 3.159(c)(4)(i); McLendon, 20 Vet. App. at 81. Specifically, the Veteran's July 1982 service treatment records show numbness in both arms. A July 2003 private treatment record documents numbness in the upper extremities. Further, the Veteran's statements indicate he incurred numbness in his hands during service. This evidence shows continuity of symptomatology, but there is insufficient competent medical evidence to decide the case. Hence, a VA medical opinion on the question of direct service connection should be obtained on remand. 

Additionally, some of the evidence discussed above indicates there may be outstanding private treatment records; thus, an attempt to obtain these records should be made on remand. 



Accordingly, the case is REMANDED for the following actions:

1. With any needed assistance from the Veteran, obtain all treatment records relating to the Veteran's treatment for asthma, especially between his discharge from service and September 2002.

With any needed assistance from the Veteran, obtain all identified private treatment records relating to the Veteran's treatment for numbness of the upper extremities, including any treatment from a hand surgeon after July 2003.

2. If the records requested in items 1 and 2 are unavailable, clearly document the claims file to that effect and notify the Veteran of any inability to obtain these records, in accordance with 38 C.F.R. § 3.159(e).

3. After completing the development requested in items 1 and 2, schedule the Veteran for a VA examination to determine the nature and etiology of his asthma. The entire claims file (i.e. the paper claims file, the VBMS efolder, and the Veteran's Virtual VA efolder) should be made available to and be reviewed by the examiner in conjunction with this request. 

The examiner must complete any necessary diagnostic testing and consultations. 

The examiner should specifically address the following questions:

a) Did the Veteran clearly and unmistakably have asthma when entering service in June 1982?

b) If so, did his military service also clearly and unmistakably not aggravate any pre-existing asthma- meaning not permanently or chronically worsen it over and beyond its natural progression?

c) If asthma did not exist on entrance to service, what is the likelihood (very likely, as likely as not, or unlikely) his current asthma instead had onset during his service, or is in any way otherwise related or attributable to his military service?

For purposes of this remand, the examiner should accept as true the Veteran's statements regarding not having any asthma attacks or colds of any kind until service and having outgrown is asthma before service. 

A complete rationale must be given for all expressed opinions and conclusions. 

A report of the opinions should be prepared and associated with the Veteran's VA claims file. A complete rationale must be provided for all opinions rendered. If the examiner cannot provide any of the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

4. Schedule the Veteran for an appropriate examination to determine the etiology of any diagnosed numbness of upper extremities. The entire claims file (i.e. the paper claims file, the VBMS efolder, and the Veteran's Virtual VA efolder) should be made available to and be reviewed by the examiner in conjunction with this request. 

The examiner must complete any necessary diagnostic testing and consultations to determine whether the Veteran has numbness in the upper extremities.

The examiner should specifically address the following question:

Is it at least as likely as not (a 50 percent probability or greater) that any currently diagnosed numbness in the upper extremities, is causally related to service, to include any relationship to the numbness noted in the service treatment records?


A report of the opinions should be prepared and associated with the Veteran's VA claims file. A complete rationale must be provided for all opinions rendered. If the examiner cannot provide any of the requested opinions without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

5. Thereafter, and after undertaking any additional development deemed necessary, the AOJ should readjudicate the issue on appeal. If any of the benefits sought on appeal remain denied, in whole or in part, provide the Veteran and her representative with a Supplemental Statement of the Case and afford them a reasonable opportunity to respond. Then return the case to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs